

# United States Bankruptcy Court
## for the District of Oregon

**Albert E. Radcliffe, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

February 21, 2008

Ms Deni Starr
3614 S. E. Francis Street
Portland, OR 97202

Mr. Marc W. Gunn
PO Box 4057
Salem, OR 97302

RE:     GAGE, Gail Marie; Case No. 06-62687
        Ms Starr's Affidavit In Support of Motion for Additional Costs

Dear Ms Starr & Mr. Gunn:

This letter is intended to announce my ruling on the above-referenced matter.

<u>Background</u>:

As the parties will recall, on November 27, 2007, I conducted a hearing to determine the amount of sanctions to be awarded against Ms Gage. At the hearing's conclusion, I announced my findings of fact and conclusions of law on the record. I awarded Ms Starr $5,300 in sanctions. This award included lost wages and mileage for her appearance at the November 27, 2007 hearing. The order memorializing the award was entered on December 19, 2007. That order gave Ms Starr until December 31, 2007 to request additional sanctions. If such a request was timely filed, Ms Gage had until January 15, 2008 to object, at which time the matter would be decided on the record. On December 26, 2007, Ms Starr filed the present "Affidavit in Support of Award of Additional Costs." Ms Gage timely objected thereto, and the matter is ripe for decision.

<u>Discussion</u>:

I agree with Ms Gage that most of the costs sought are beyond the scope of the December 19, 2007 order which, in pertinent part, allowed Ms Starr to request further sanctions "for damages relating to preparation and appearance of [sic] the November 27, 2007 hearing." Thus, any costs sought <u>as a result</u> of the November 27, 2007 hearing are beyond the Order's scope and will be disallowed. These include:

1)	Transcript of November 27, 2007 hearing ($180.00);
2)	Consultation with attorney re: remedies for Ms Gage's alleged false testimony at the November 27, 2007 hearing ($100.00);
3)	Long-distance phone call to Ms Starr's therapist after the November 27, 2007 hearing ($1.69);
4)	Lost income on November 28, 2007 due to alleged emotional distress caused by Ms Gage's testimony at the November 27, 2007 hearing ($150.00);
5)	Therapy session set for December 21, 2007 due to alleged emotional distress from Ms Gage's testimony at the November 27, 2007 hearing ($210.00);
6)	Copy of December 19, 2007 order to register as judgment in state court ($10.00);
7)	Filing fee to register the December 19, 2007 order in state court ($39.00);
8)	Cost of writ of garnishment with attorney's fees ($250.00);
9)	Other anticipated attorney's fees as per advice of counsel ($3,000.00);[1]
10)	Lost income for preparation of the present affidavit (at $75.00/hr.) ($300.00);
11)	Postage for mailing the present affidavit ($10.00);
12)	Copy costs for the present affidavit and exhibits thereto ($13.00).[2]

Turning to Ms Starr's other costs, her request for reimbursement of $2,127.00 in attorney's fees charged by Heather Harriman Vogl through November 21, 2007 will be disallowed. These fees are evidenced by Ms Vogl's declaration attached as Exhibit 1 to the present affidavit. Ms Starr offered the identical declaration as her Exhibit 1 at the November 27, 2007 hearing. Ms Gage objected on hearsay grounds as Ms Vogl was not present to be cross-examined. I sustained the objection, the declaration was excluded and the fees were disallowed. This is the law of the case.

I will likewise disallow the $1,000.00 in additional sanctions sought for Ms Gage's failure to comply with discovery requests and orders. This issue was taken up at the November 27, 2007 hearing and is subsumed in the December 19, 2007 order. Again, this is the law of the case. No additional award is warranted.

---

[1] Further, this $3,000.00 request was expressly disallowed at the November 27, 2007 hearing, and as such is the law of the case.

[2] Items ##10-12 are costs incurred in drafting and filing the present Affidavit. Although technically outside the scope of the December 19, 2007 order, arguably reasonable costs for putting the present request before the court would be compensable. However, that assumes the compensability of at least a portion of the underlying costs sought. As noted above and below, I am disallowing all of the underlying costs, as such, costs for preparing and serving the present Affidavit will also be disallowed.

Finally, the costs for: 1) a shoe shine ($7.00); 2) coffee and donut for drive to Eugene ($2.29); 3) dry cleaning ($16.50); 4) parking ($8.00); and 5) lunch with tip ($10.00), are not substantiated by any receipt, and will therefore be disallowed.[3]

The above constitute my findings of fact and conclusions of law under FRBP 7052. An order consistent herewith will be entered. When all orders in this case become final and not subject to appeal, Ms Gage's Chapter 13 case will be dismissed.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:vhd

cc:    Ms Gail Geiger, Assist. U. S. Trustee
       Mr. Paul Garrick, Trustee's Attorney
       Mr. John Pries, Walsh's Attorney

---

[3] Further, it is highly questionable whether the shoe shine and dry cleaning costs are awardable under FRBP 9011(c)(2), even if substantiated.